UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| BRANDON PEAKE, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) Case No. 0:19-cv-00382-MGL |
| | ) |
| | ) JURY TRIAL DEMANDED |
| SUZUKI MOTOR CORPORATION; | ) |
| SUZUKI MOTOR CORPORATION OF | ) (Removed from Fairfield County Court of |
| AMERICA; AND SUZUKI MOTOR OF | ) Common Pleas, Civil Action No. 2018-CP- |
| AMERICA, INC., | ) 200441) |
| | ) |
|    Defendants. | ) |
| | ) |

## NOTICE OF REMOVAL

Defendant Suzuki Motor of America, Inc. ("SMAI"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of the removal of this action from the Court of Common Pleas of Fairfield County, South Carolina to the United States District Court for the District of South Carolina, Rock Hill Division. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332(a) because there is complete diversity among the parties, and it is plain from the face of the Complaint that Plaintiff demands more than $75,000 for his alleged damages, which include "serious and severe injuries to his head and other parts of his body," medical expenses, lost income, and punitive damages. *See* **Ex. A,** Amended Compl. at ¶ 5. As grounds for this removal, SMAI states as follows:

## INTRODUCTION

1. Plaintiff Brandon Peake ("Plaintiff"), filed this action on December 17, 2018, by filing a Complaint in the Fairfield County Court of Common Pleas. The state court action is Case

1

No. 2018-CP-2000441. In accordance with 28 U.S.C. § 1446(a), copies of all pleadings, processes, and orders in the state-court action are attached as **Exhibits B-F**.

2. SMAI was first served with a copy of the operative Complaint and Summons on January 11, 2019. This Notice of Removal is thus timely because the thirty (30) day limitation imposed by 28 U.S.C. § 1446(b)(1) for filing this Notice of Removal has not yet expired and because this action is removed not more than one (1) year after commencement of the action as required by 28 U.S.C. § 1446(c)(1).

3. Defendant Suzuki Motor Corporation has not yet been properly served with the operative Complaint and Summons.

4. In his Complaint, Plaintiff alleges he was injured on March 30, 2016, when the steering column on the Suzuki Quadrunner 4WD four wheeler he was operating broke and caused him to be thrown from the vehicle.[1] **Ex. A**, at ¶ 3. Plaintiff alleges that SMAI was negligent and reckless "(a) in designing and manufacturing a defective steering column; (b) in manufacturing a steering column with defective and improper materials; (c) in failing to warn; (d) in failing to instruct." *Id.* at ¶ 4. Plaintiff also alleges claims of breach of implied warranties and strict liability against SMAI. *Id.* at ¶¶ 6-11. SMAI denies Plaintiff's allegations.

5. For damages, Plaintiff alleges that he "suffered serious and severe injuries to his head and other parts of his body which resulted in him incurring substantial present and future medical bills; the plaintiff lost income and will in the future lose income; the plaintiff has suffered severe pain and discomfort from his injuries and he will suffer from these injuries for the remainder

---

[1] Plaintiff's allegations are accepted for purposes of demonstrating proper removal only. In actuality, SMAI denies that Plaintiff is entitled to any relief from it and submits that the case against it is due to be dismissed.

of his life, all to his actual and punitive damages." *Id.* at ¶ 5.  SMAI denies that Plaintiff is entitled to any relief.

## GROUNDS FOR REMOVAL

6.     This action may be removed under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action under 28 U.S.C. §§ 1332(a)(1) and 1332(a)(2).  There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.     There is Complete Diversity of Citizenship Between the Parties.**

7.     This action involves "citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3).

8.     At the time Plaintiff commenced this action, and at all times since, Plaintiff was and is a resident and citizen of South Carolina. *See* **Ex. A**, at ¶¶ 2-3.

9.     At the time Plaintiff commenced this civil action, and at all times since, Defendant Suzuki Motor Corporation was and is a Japanese corporation existing under the laws of Japan, with its principal place of business located at 300 Takatsuka-cho, Minami-ku, Hamamatsu-shi, Shizuoka Prefecture, Japan, 432-8611.  Accordingly, Suzuki Motor Corporation is a citizen of Japan for the purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1332(c) (for the purposes of determining citizenship, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

10.     At the time Plaintiff commenced this civil action, and at all times since, Defendant Suzuki Motor of America, Inc. ("SMAI") was and is a California corporation with its principal

place of business in California. Accordingly, SMAI is a citizen of California for the purposes of diversity jurisdiction. *See id.*

11. Defendant Suzuki Motor Corporation of America is not now and has never been a Suzuki entity. Defendant Suzuki Motor Corporation of America is not a registered entity with the South Carolina Secretary of State, and it did not design, manufacture, or sell the Suzuki Quadrunner 4WD at issue in this lawsuit. *Id.* Suzuki Motor Corporation of America does not appear to exist, and thus its consent is not required for removal. *See Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259-60 (4th Cir. 2013) ("The federal courts have, however, long recognized an exception to the rule of unanimity, which states that a nominal party need not consent to removal.").

12. Accordingly, this action involves "citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3). Plaintiff is a citizen of South Carolina, and the properly joined defendant is a citizen of states other than South Carolina. Further, because the properly joined defendant is not a citizen of the State of South Carolina, removal of this action is proper under 28 U.S.C. § 1441(b).

**B.  The Amount-In-Controversy Requirement is Satisfied.**

13. The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because, "by the preponderance of the evidence," it is clear from the face of Plaintiffs' Petition "that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(B); *see also id.* § 1332(a).

14. Plaintiff alleges that "[a]s a result of defendants wrongful acts, the plaintiff suffered serious and severe injuries to his head and other parts of his body which resulted in him incurring substantial present and future medical bills; the plaintiff lost income and will in the future lose

income; the plaintiff has suffered severe pain and discomfort from his injuries and he will suffer from these injuries for the remainder of his life, all to his actual and punitive damages." **Ex. A**, at ¶ 5. Plaintiff seeks an unspecified amount for recovery for the alleged wrongful acts of Removing Defendants. *Id.* at ¶ 11. Although SMAI denies Plaintiff's allegations and denies that it is liable to Plaintiff, it is clear from these "serious" allegations that Plaintiff seeks recovery in excess of $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1446(c)(2). There is no evidence showing to a legal certainty that the amount in controversy has not been met. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 590 (1938) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.").

**C.     The Other Prerequisites for Removal Have Been Satisfied.**

15.     In addition to satisfying the requirements of diversity jurisdiction, SMAI has satisfied all other requirements for removal.

16.     Removal is timely because less than 30 days have passed since service of the Complaint on SMAI. Plaintiffs served SMAI on January 11, 2019.

17.     Defendant Suzuki Motor Corporation has not yet been properly served with the operative Complaint and Summons, and consent from the remaining, improperly served defendant Suzuki Motor Corporation of America is not required. *See* 28 U.S.C. § 1446(b)(2)(A); *Hartford Fire Ins. Co.*, 736 F.3d at 259-60.

18.     Venue for removal is proper in this District and Division, *see* 28 U.S.C. § 1441(a)(2), because this District and Division embrace the Court of Common Pleas in Fairfield County, South Carolina, the forum in which the removed action was pending, *see* 28 U.S.C. § 121(7).

19.     In accordance with 28 U.S.C. § 1446(d), SMAI will promptly provide written notice of the filing of this Notice of Removal to the Plaintiff and shall file a copy of this Notice along with a Notice of Filing Notice of Removal with the Clerk of the Court of Common Pleas in Fairfield County, South Carolina, where this action is currently pending.

20.     In accordance with the foregoing, SMAI gives notice that the matter bearing Case No. 2018-CP-2000441 in the Court of Common Pleas in Fairfield County, South Carolina, is removed to the United States District Court for the District of South Carolina, and requests that this Court retain jurisdiction for all further proceedings in this matter.

Respectfully submitted this 11th day of February, 2019.

*/s/ Timothy P. Lendino*
Timothy P. Lendino (Fed. ID #12478)
BRADLEY ARANT BOULT CUMMINGS LLP
214 N. Tryon Street, Suite 3700
Charlotte, NC 28202
Telephone:  704.338.6035
Email:  tlendino@bradley.com

*Attorney for Defendant Suzuki Motor of America, Inc.*

**OF COUNSEL:**
R. Thomas Warburton (*pro hac vice* to be filed)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
(205) 521-8987
(205) 488-6987 - facsimile
twarburton@bradley.com

6

**CERTIFICATE OF SERVICE**

    I hereby certify on this the 11th day of February 2019, a true and correct copy of the foregoing was served electronically by operation of the Court's electronic filing system to the following:

> John E. Parker
> Austin H. Crosby
> PETERS, MURDAUGH, PARKER, ELTZROTH & DETRICK, P.A.
> 101 Mulberry Street East
> P.O. Box 457
> Hampton, South Carolina 29924
> Phone: (803) 943-2111
> jparker@pmped.com

                                              */s/ Timothy P. Lendino*
                                            Attorney for Defendant SMAI