IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Brandon Peake, | ) |
| | ) Civil Action No. 0:19-cv-00382-JMC |
| Plaintiff, | ) |
| | ) **ORDER AND OPINION** |
| v. | ) |
| | ) |
| Suzuki Motor Corporation, American | ) |
| Suzuki Motor Corporation, and Suzuki | ) |
| Motor Corporation of America, Inc., | ) |
| | ) |
| Defendants. | ) |
| | ) |

This matter is before the court pursuant to Plaintiff Brandon Peake's ("Peake") Motion to Remand (ECF No. 16) this action to the Fairfield County Court of Common Pleas. Defendant Suzuki Motor of America, Inc. ("Defendant" or "SMAI") opposes Peake's Motion to Remand and asks the court to retain jurisdiction. (ECF No. 24.) For the reasons set forth herein, the court **DENIES** Peake's Motion to Remand (ECF No. 16) and retains jurisdiction over this matter.

### I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Peake filed this products liability action in the Fairfield County Court of Common Pleas on December 19, 2018. (*See generally* ECF No. 1-1 at 2–4.) Peake names three Defendants: (1) Suzuki Motor Corporation ("SMC"), (2) American Suzuki Motor Corporation ("ASMC"), and (3) SMAI (collectively, "Defendants"). *Id*. Peake's chief allegation is that the defective condition of a Suzuki Quadrunner 4WD—allegedly designed, manufactured, and sold by Defendants—resulted in serious and severe head and bodily injuries to Peake. (*Id.* at 3-4; ECF No. 11 at 1-3.)

On February 11, 2019, SMAI filed its Notice of Removal (ECF No. 1), alleging that the case is removable to this federal court under 28 U.S.C. § 1441(b), based on diversity of

1

citizenship. *See* 28 U.S.C. §1332; (ECF No. 1.)

On February 28, 2019, Peake filed his Motion to Remand (ECF No. 16). Peake's main argument supporting remand is that SMAI improperly removed the action without the consent of all "properly joined and served defendants" as required under the removal statute. 28 U.S.C. § 1446(b)(2)(A).[1] (*See generally* ECF No. 16.) Specifically, Peake argues that SMC was a "properly joined and served defendant" because the South Carolina Secretary of State accepted service on its behalf on January 7, 2019, pursuant to S.C. Code Ann. § 15-9-245(a) (2019).[2] Peake asserts that, despite being properly served, SMC failed to consent to removal.

SMAI counters that S.C. Code § 15-9-245(a), while a proper method of service in some circumstances, was not applicable here. To that end, SMAI timely filed its Opposition to Peake's Motion to Remand (ECF No. 24) on March 14, 2019. SMAI contends that SMC was not properly served because the corporation does not "do business" in South Carolina. SMAI further argues that, because SMC is a foreign corporation with no business in South Carolina, Peake was required to serve SMC through the Hague Convention process and failed to do so. Accordingly, SMAI argues that the case is properly removed because SMAI was the only "properly joined

---

[1] 28 U.S.C. § 1446(b)(2)(A) states, "When a civil action is removed solely under section 1441(a), **all defendants who have been properly joined and served must join in or consent to the removal of the action.**" (Emphasis added.)

[2] S.C. Code § 15-9-245(a) states,
> For foreign corporations doing business in South Carolina. Every foreign business or nonprofit corporation which is not authorized to do business in this State, **by doing in this State, either itself or through an agent**, any business, including any business activity for which authority need not be obtained as provided by Section 33-15-101, is considered to have designated the Secretary of State as its agent upon whom process against it may be served in any action or proceeding arising in any court in this State **out of or in connection with the doing of any business in this State.**

(Emphasis added.)

and served" Defendant at the time of removal, and it, therefore, did not need SMC's consent to remove this action to this court.[3]

Now, before the court is Peake's Motion to Remand this case to the Fairfield County Court of Common Pleas (ECF No. 16), which this court considers below.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." 28 U.S.C. § 1441(a). The relevant procedure for removing a case to federal court is as follows:

> (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446.

Moreover, "The Supreme Court has construed these statutes to require all defendants in a case to join in or consent to removal, creating the so-called 'rule of unanimity.'" *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259 (4th Cir. 2013). The Fourth Circuit has recognized that "the rule of unanimity is consistent with [the court's] obligation to construe

---

[3] The parties agree that the third Defendant, ASMC, is a nominal party and is therefore, not required to consent to removal. *See Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259-60 (4th Cir. 2013) ("The federal courts have, however, long recognized an exception to the rule of unanimity, which states that a nominal party need not consent to removal.").

3

removal jurisdiction strictly because of the significant federalism concerns implicated." *Id.* (internal quotations omitted).

### III. DISCUSSION

The crux of this matter centers on whether the case was properly removed to this court. In order to determine whether removal was proper, the court must examine two underlying issues: (1) whether SMC was properly served and (2) whether SMC's consent was required to properly remove this case. The court takes each issue in turn.

#### A. Method of Service of Process

SMAI challenges the validity of Peake's service on SMC. Specifically, SMAI argues that SMC was not a properly served Defendant because Peake did not comply with the Hague Convention[4] when he served SMC. Instead, Peake served SMC through an alternative method of service pursuant to South Carolina Rules of Civil Procedure and the relevant statute.[5]

Once a challenge to service of process has been made, the court must consider and analyze the statute under which process is served. *Ackerman v. Levine*, 788 F.2d 830, 838 (2d Cir. 1986). Peake attempted substitute service upon SMC by serving process upon the South Carolina Secretary of State, whom is deemed the involuntary agent of service for any unauthorized foreign corporation **that does business in the state** in accordance with S.C. Code Ann. § 15-9-245. In pertinent part, the statute states:

---

[4] The Hague Convention is a multilateral treaty which was enacted to address the inconsistencies of the trial process created by international litigation. Specifically, the Convention provides a simplified method of service abroad and proof thereof and its passage assures that defendants who are sued in foreign lands receive notice "actual and timely" of the action. *Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 698 (1988). Both the United States and Japan are member nations.

[5] Rule 4(f) provides that, "[a]ll process other than a subpoena may be served anywhere within the territorial limits of the State, and, **when a statute so provides, beyond the territorial limits of the State.**" (Emphasis added.)

4

(a) Every foreign business or nonprofit corporation which is not authorized to do business in this State, by doing in this State, either itself or through an agent, **any business, including any business activity for which authority need not be obtained as provided by Section 33-15-101**, is considered to have designated the Secretary of State as its agent upon whom process against it may be served in any action or proceeding arising in any court in this State out of or in connection with **the doing of any business in this State.**

(b) **Service of the process is made by delivering to and leaving with the Secretary of State**, or with any person designated by him to receive such service, duplicate copies of the process, notice, or demand. **The Secretary of State immediately shall cause one of the copies to be forwarded by certified mail, addressed to the corporation either at its registered office in the jurisdiction of its incorporation**, its principal place of business in the jurisdiction, or at the last address of the foreign business or nonprofit corporation known to the plaintiff, in that order.

(Emphasis added.)

Service is effective upon such a foreign corporation by delivering suit papers to the Secretary of State. § 15-9-245 (a). The Secretary is directed to immediately forward a copy to the corporation by certified mail. § 15-9-245(b). Substituted service is thus effective by delivery upon the Secretary of State as an agent, who then utilizes mail services to directly notify the foreign defendant. S.C. R. Civ. P. 4(d)(7) (providing that service may be made upon a corporation "by delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process…"); *see also Hammond v. Honda Motor Co., Ltd.,* 128 F.R.D. 638 (D.S.C. 1989).

SMAI asserts that, even if Peake followed all steps required under § 15-9-245, Peake's reliance on that method of service is misplaced because "SMC does not do any business in South Carolina." (ECF Nos. 24, 24-1.) The court notes that, while the Hague Convention is certainly a proper means of service, generally, for plaintiffs to perfect service upon foreign corporations, it is not the only means of service available to plaintiffs serving foreign corporations that "do business" in the state. When serving foreign corporations that do business in the state, plaintiffs may avail

5

themselves to § 15-9-245 as well. Thus, the parties' dispute centers on the statutory definition of "doing business in the state" as defined in § 15-9-245.

Defendants argue that the statute is inapplicable because SMC does not do *any* business in South Carolina, or even in the United States. (ECF No. 24-1.) To further support its contention that SMC does not "do business" in South Carolina, Defendants submitted the Declaration of Eiji Iida ("Mr. Iida") (ECF No. 24-1), SMC's Senior Advisor of the Global Legal Department. In his Declaration, Mr. Iida declares, *inter alia*, that:

> (1) The South Carolina Secretary of State is not a registered agent for SMC in South Carolina, nor is it authorized to accept service on behalf of SMC in South Carolina;
> (2) SMC has overall responsibility for the design of the ATVs, and other products, which is work that it performs in Japan;
> (3) SMC does not make direct sales of any Suzuki vehicles to dealers or the public in South Carolina or anywhere else in the United States;
> (4) SMC does not design ATVs or any other products specifically directed to consumers located in South Carolina;
> (5) SMC does not sell any products in the United States and, if it manufactured the subject ATV, it would have done so in Japan and sold it to a distributor in Japan;
> (6) SMC does not distribute ATVs or other vehicles to dealers in the United States and has no contractual or other relationships with dealers in the United States; and
> (7) SMC does not control the distribution of Suzuki in the United States.

(ECF No. 24-1 at ¶¶ 5, 6, 7, 10, 11, 12, 21.)

While the court has taken the Declaration into account for purposes of this Motion to Remand, the court is unpersuaded that the statements within Mr. Iida's Declaration bear any significance on the statutory meaning of "doing business" as defined by § 15-9-245 and § 33-15-101. Indeed, the statute's definition of "doing business" includes "**business activity for which authority need not be obtained as provided by § 33-15-101.**" S.C. Code § 15-9-245(a) (emphasis added.) The court examines § 33-15-101 and the plain language states that "business activity for which authority need not be obtained" includes: "(5) selling through independent contractors," and "(12) owning and controlling a subsidiary corporation transacting business

within this State." S.C. Code § 33-15-101(b). In other words, under South Carolina's expansive long-arm statutes, a foreign corporation unauthorized to do business in the United States, is considered to be "doing business" if it sells through an independent contractor or owns and controls **a subsidiary corporation that does business in South Carolina**; this is the case even if that foreign corporation does not do so directly. The court understands that SMC advances the notion that it does not make **direct** sales in the United States, but this is irrelevant to the question of whether it "does business" through an agent or subsidiary as defined by South Carolina's long-arm statutes. The court must determine whether a foreign corporation does business in the state, either directly or through a subsidiary, at the time of removal. Here, Defendants' Declaration does not deny the parent-subsidiary relationship between SMAI and SMC. Therefore, the Declaration fails to demonstrate that SMC does not "do business" in South Carolina as defined in § 15-9-245 and § 33-15-101.

Likewise, Peake has failed to show, or even allege, that SMC does "do business" in South Carolina as defined in § 15-9-245 and § 33-15-101. While Peake alleged that SMAI and ASMC are both "subsidiaries of SMC," Peake has failed to allege[6] that SMAI, as the subsidiary, is engaged in the business of manufacturing and selling four wheelers **in South Carolina**. This allegation is crucial in determining whether the case survives remand to the state court. The statute is unequivocally clear that in order for the Secretary of State to be designated as SMC's "agent

---

[6] Peake's Motion to Remand references certain allegations in the Complaint to support his argument that "SMC is an unauthorized foreign corporation **doing business within the state of South Carolina**." (ECF Nos.1 at 3 ¶ 9, 11 at 1-2 ¶¶ 5-8) (emphasis added.) However, Peake failed to make this allegation in his Complaint. The court, in ruling on a motion to remand, is limited to considering the pleadings at the time of removal. *Liesman v. Weisberg*, No. 3:17-CV-660, 2018 WL 3242691, at *3 (W.D.N.C. July 3, 2018). After considering all pleadings and evidence submitted by the parties at the time of removal, the court is unable to ascertain any allegation that this action arises from SMC's business in South Carolina, either directly or indirectly.

upon whom process against it may be served," SMC must be doing business in the State of South Carolina or incorporated in South Carolina. *See Sonoco Products Co. v. ACE INA Ins.*, 877 F. Supp. 2d 398, 410 n.4 (D.S.C. 2012) ("However, for this delivery to constitute sufficient service of process, ACE INA would have to have been conducting business in South Carolina, and the lawsuit would need to arise out of ACE INA's business in South Carolina."). Peake has not alleged or shown that SMC, SMAI, or any Defendant conducted business in South Carolina or that the suit arises out of SMC's purported business in South Carolina. The court, then, is unable to determine whether Peake was required to serve SMC through the Hague Convention or whether his compliance with § 15-9-245 would have provided sufficient service upon SMC. Without an allegation that SMC, either through itself or its subsidiary, does business in South Carolina, the court cannot rule in Peake's favor for remand of this action.

**B. Consent to Removal**

The next issue is whether SMC's consent was required for SMAI to properly remove the case to this court's jurisdiction. 28 U.S.C. § 1446 prohibits the removal of a civil action without the consent of all "properly joined and served" defendants. 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."); *see also Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259 (4th Cir. 2013) ("The Supreme Court has construed these statutes to require all defendants in a case to join in or consent to removal, creating the so-called "rule of unanimity.""). This requirement applies to cases removed on the basis of complete diversity of citizenship. *See Palmetto Automatic Sprinkler Co., Inc. v. Smith Cooper Int'l, Inc.*, 995 F. Supp. 2d 492 (D.S.C. 2014). If all properly served defendants have not consented, then remand is required. *Id.*

Peake's sole basis supporting his Motion to Remand is the allegation that SMAI filed its Notice of Removal without SMC's consent in violation of 28 U.S.C. § 1446. However, 28 U.S.C. § 1446 only prohibits removal of a civil action without the consent of all "properly joined and served" defendants. *Harleysville.*, 736 F.3d 255. Because Peake has failed to carry his burden showing that SMC is a "properly joined and served" defendant, Peake's Motion to Remand is **DENIED**.

### IV. CONCLUSION

The court finds that SMAI properly removed this action because it was the only properly joined and served Defendant. As such, Peake's Motion to Remand (ECF No. 16) is **DENIED**. The case hereby remains under the jurisdiction of this court.[7]

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 5, 2019
Columbia, South Carolina

---

[7] In its Notice of Removal, SMAI states that it is a California corporation with its principal place of business in California and that SMC is a Japanese corporation organized under the laws of Japan with its principal place of business in Shizuoka, Japan. Peake is a citizen of South Carolina. (ECF No. 1 at 4 ¶¶ 8, 10, 11.) No party disputes that complete diversity of citizenship exists in this case, nor does Peake dispute SMAI's assertion that the amount in controversy exceeds $75,000, exclusive of interest and costs. The court is satisfied that it maintains subject matter jurisdiction.