IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Brandon Peake, ) | |
| ) | Civil Action No. 0:19-cv-00382-JMC |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | |
| Suzuki Motor Corporation, American ) | |
| Suzuki Motor Corporation, and Suzuki ) | |
| Motor Corporation of America, Inc., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court by way of Plaintiff Brandon Peake's ("Peake") Motion for Reconsideration (ECF No. 54) of this court's Order entered on September 5, 2019 (the "September Order") (ECF No. 53). In the September Order, the court denied Peake's Motion to Remand the case to the Fairfield County Court of Common Pleas. (ECF No. 53.) Defendant Suzuki Motor of America, Inc. ("SMAI") opposes the Motion for Reconsideration and asserts that Peake has not presented any arguments entitling him to reconsideration of the September Order. (ECF No. 55 at 1.) For the reasons stated below, the court **GRANTS** Peake's Motion for Reconsideration (ECF No. 54) and **REMANDS** the case to the Fairfield County Court of Common Pleas.

### I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Peake filed this products liability action in the Fairfield County Court of Common Pleas on December 19, 2018. (*See generally* ECF No. 1-1 at 2–4.) Peake names three Defendants: (1) Suzuki Motor Corporation ("SMC"), (2) American Suzuki Motor Corporation ("ASMC"), and (3) SMAI (collectively, "Defendants"). *Id*. Peake's chief allegation is that the defective condition of a Suzuki Quadrunner 4WD—allegedly designed, manufactured, and sold by

1

Defendants—resulted in serious and severe head and bodily injuries to Peake. (*Id.* at 3-4; ECF No. 11 at 1-3.)

On February 11, 2019, SMAI filed its Notice of Removal (ECF No. 1), alleging that the case is removable to this federal court under 28 U.S.C. § 1441(b), based on diversity of citizenship. *See* 28 U.S.C. §1332; (ECF No. 1.)

On February 28, 2019, Peake filed his Motion to Remand (ECF No. 16). Peake's main argument supporting remand is that SMAI improperly removed the action without the consent of all "properly joined and served defendants" as required under the removal statute. 28 U.S.C. § 1446(b)(2)(A).[1] (*See generally* ECF No. 16.) Specifically, Peake argued that SMC was a "properly joined and served defendant" because the South Carolina Secretary of State accepted service on its behalf on January 7, 2019, pursuant to S.C. Code Ann. § 15-9-245(a) (2019).[2] Peake asserted that, despite being properly served, SMC failed to consent to removal. Peake did not attach any exhibits to his Motion to Remand.

On March 14, 2019, SMAI timely filed its Opposition to Peake's Motion to Remand (ECF No. 24), contending that SMC was not properly served because it does not "do business"

---

[1] 28 U.S.C. § 1446(b)(2)(A) states, "When a civil action is removed solely under section 1441(a), **all defendants who have been properly joined and served must join in or consent to the removal of the action.**" (Emphasis added.)

[2] S.C. Code § 15-9-245(a) states,
> for foreign corporations doing business in South Carolina. Every foreign business or nonprofit corporation which is not authorized to do business in this State, **by doing in this State, either itself or through an agent**, any business, including any business activity for which authority need not be obtained as provided by Section 33-15-101, is considered to have designated the Secretary of State as its agent upon whom process against it may be served in any action or proceeding arising in any court in this State **out of or in connection with the doing of any business in this State.**

(Emphasis added.)

in South Carolina and therefore, service through the Secretary of State was improper. SMAI further argued that, because SMC is a foreign corporation with no business in South Carolina, Peake was required to serve SMC through the Hague Convention process and failed to do so.

On March 21, 2019—more than thirty days after the deadline to file his Motion to Remand—Peake filed a Reply (ECF No. 27) in response to SMAI's Response (ECF No. 26). In that Reply, Peake offered three documents in support of his Motion to Remand: (1) what appears to be a screenshot of a map showing several Suzuki car dealers located in South Carolina; (2) a screenshot of the "About Us" page on the Suzuki website, and (3) what appears to be Suzuki Motor of America, Inc.'s business filing with the South Carolina Secretary of State (which shows that SMAI is a foreign corporation incorporated in California). (ECF Nos. 27-1, 27-2, 27-3; ECF No. 45.) Then, again, on June 18, 2019—more than three months after he filed his motion to Remand—Peake filed an addendum to his Motion to Remand reiterating the same exhibits he offered in his Reply. In his June 18, 2019 filing (ECF No. 45), Peake explained, "in order to meet the 30-day requirement of 28 U.S.C. § 1447, Mr. Peake did not have ample time to conduct a thorough investigation of SMC's contacts with South Carolina before submitting his Motion to Remand…in support of his Motion to Remand, Mr. Peake respectfully requests the Court hereby incorporate the exhibits attached…alongside his Motion to Remand." (ECF No. 45 at 2.) The court denied Peake's Motion to Remand. Now, Peake's Motion for Reconsideration of the September Order is before the court, which the court considers below.

## II. LEGAL STANDARD

A. Motion for Reconsideration

Rule 59 allows a party to seek an alteration or amendment of a previous order of the court. Fed. R. Civ. P. 59(e). Under Rule 59(e), a court may "alter or amend the judgment if the

3

movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F. 3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chem. Workers Union*, 34 F. 3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these three grounds in order to obtain relief under Rule 59(e). *Loren Data Corp. v. GXS, Inc.*, 501 Fed. Appx. 275, 285 (4th Cir. 2012). The decision whether to reconsider an order pursuant to Rule 59(e) is within the sound discretion of the district court. *Hughes v. Bedsole*, 48 F. 3d 1376, 1382 (4th Cir. 1995). A motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." *Lyles v. Reynolds*, C/A No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008)).

### III. DISCUSSION

The court recaps the timeline because it is significant here. On February 11, 2019, SMAI filed its Notice of Removal. On February 28, 2019, Peake filed his Motion to Remand. Peake does not dispute that he did not attach any documents to his Motion to Remand at the time it was filed. On March 14, 2019, SMAI filed a Response to Peake's Motion to Remand and on March 27, 2019, Peake filed a *Reply* to the Response whereby Peake first attached documents in support of his Motion to Remand. Peake argues that the court erred by not granting his Motion to Remand based on new evidence submitted in his Reply brief and in an addendum filed four months after removal. As a threshold matter, under D.S.C. Local Rule 7.07, "replies to responses are discouraged." More importantly, a court's decision to decline review or consideration of a supplemental response or its attachments does not constitute a clear error of law, nor is it necessary to prevent manifest injustice. *See Motorists Mut. Ins. Co. v. Teel's Restaurant*

4

*Inc.*, 2009 WL 5065223, *1 (N.D.Ind. Dec. 23, 2009) (holding that the court's failure to consider a reply brief in support of a motion before issuing its ruling was not manifest error of law such that motion for reconsideration should be granted).

While the court has not committed any clear error of law, Peak's Motion for Reconsideration has persuaded the court to review its previous decision. It is a well-established rule that when ruling a motion to remand, the decision is determined by the "well-pleaded complaint rule, which requires the court to examine the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). The court, however, "**may** consider materials outside of the complaint, including documents appended to a notice of removal or a motion to remand that convey information essential to the court's analysis…" *Romano v. Kazacos*, 609 F.3d 512, 520, 520 n.4 (2d Cir. 2010) (emphasis added); *see also Scott v. Greiner*, 858 F. Supp. 607, 609 n.1 (S.D. W. Va. 1994) (noting that a district court may look beyond the complaint to determine whether an essential federal question exists to preclude remand).

In the September Order, the court found that Peake had not alleged that SMC "does business in the state" as defined by § 15-9-245(a) and, therefore, Peake failed to show that SMC was properly served as to require its consent to removal.

Following this ruling, Peake filed the pending Motion for Reconsideration. After reviewing the true nature of the entire record more closely, the court **FINDS** that the even though Peake did not establish that SMC "does business in the state" in his Complaint or in his Motion to Remand,[3] Peake's later submitted evidence in his Reply brief and in his June 18, 2019

---

[3] In his Motion to Remand, without further evidence, Peake stated, "Defendant SMC is an unauthorized foreign corporation **doing business within the state of South Carolina**" (ECF No. 16-1 at 4.), but he never alleges this in his Complaint. In support of his statement, he cites to

5

Addendum does establish that SMC "does business in the state" as defined by § 15-9-245(a). Specifically, the exhibits show that (1) there are at least nine dealerships selling SMAI ATVs and motorcycles within the boundaries of South Carolina, (2) SMAI is a subsidiary of SMC that acts as a distributor of SMC products nationwide in the United States, and (3) SMAI is a registered corporation with the South Carolina Secretary of State. (ECF No. 27-1 at 7-12; ECF No. 27-2; ECF No. 27-3). The court considers this evidence because the key issue in his motion revolves around whether SMC is a "properly joined and served" party and that determination

---

portions of his Amended Complaint. Specifically, Peake cites to ECF No. 11 pp.1-2 ¶¶ 5,8, which states the following:
> ¶5:
> The plaintiff's injuries were proximally caused by the following acts of negligence and recklessness by the defendants:
> a) In designing and manufacturing a defective steering column;
> b) In manufacturing a steering column with defective and improper materials;
> c) In failing to warn;
> d) In failing to instruct;
> …
> ¶ 8:
> The sale of the defective and unreasonably dangerous four-wheeler, manufactured and sold by the defendants, breached implied warranties. The defendants are in the business of selling four wheelers.

Neither of these allegations support the conclusion that SMC "does business in the state", which is necessary for the court to determine whether SMC's consent was required at the time of removal. Despite Peake's belief that he alleged that SMC was conducting business in the state by virtue of his reference to S.C. Code Ann. § 36-2-803 in paragraph one of his complaint (ECF No. 54 at 4.), he failed to make that allegation. Specifically, Peake argues that because § 36-2-803 imposes jurisdiction on foreign corporate defendants transacting business in the state, the court was required to assume that the statutory reference should be construed as an allegation or fact that SMC does business in the state. However, Peake is mistaken. Peake has already explained why he referenced § 36-2-803 in his Complaint and it was not to allege that SMC does business in the state. Indeed, in his Motion to Remand, Peake states that "defendants were subject to the court's jurisdiction pursuant to S.C. Code Ann. §§ 36-2-802 and 36-2-803 and "venue was proper in Fairfield County **because the most substantial part of the cause of action occurred in Fairfield County."** (ECF No. 16-1 at 2.) (Emphasis added.) In other words, Peake admittedly referenced the jurisdictional statute to establish the *location* where the incident occurred, not to allege that SMC does business in the state.

turns on whether SMC sells its products in South Carolina through SMAI. Because a thorough examination of the record shows that SMC is doing business in South Carolina through a subsidiary, the court **FINDS** that SMC was properly served through the Secretary of State. As such, SMC's consent to removal was required. SMAI does not deny that SMC did not provide consent to removal. Therefore, remand is proper. This case admittedly presents a close question of removal, but the fact that any doubt should be construed against removal is dispositive. *See Scott v. Greiner*, 858 F. Supp. 607, 610 (S.D. W. Va. 1994) ("Any doubts concerning the propriety of removal must be resolved in favor of state jurisdiction.").

## IV. CONCLUSION

Accordingly, the court **GRANTS** Peak's Motion for Reconsideration (ECF No. 54) and **REMANDS** the case to the Fairfield County Court of Common Pleas. Further, all other pending motions are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the district court clerk is hereby directed to send the Order to the Fairfield County Court of Common Pleas and provide copies to counsel.

**IT IS SO ORDERED.**

*J. Michelle Childs*

October 7, 2019  
Columbia, SC

United States District Judge